**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**HUYEN FARRELL**, *on behalf of herself and others similarly situated*,

*Plaintiff*,

v.

**BENCHMARK SERVICES, LLC** and **DOE CORP. UTILIZING TELEPHONE NUMBERS (850) 373-4537, (850) 676-9409, (954) 872-0058, (352) 662-0550, and (904) 901-8916**,

*Defendants*.

Case No.: 24-cv-04494

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE LIMITED DISCOVERY PRIOR TO RULE 26(F) CONFERENCE TO IDENTIFY DEFENDANT**

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 26(d)(1) and Fed. R. Civ. P. 45, Plaintiff Huyen Farrell ("Plaintiff") respectfully requests that the Court grant Plaintiff leave to serve discovery (in the form of subpoenas) prior to a Rule 26(f) conference to obtain the identity of Defendant Doe Corporation Utilizing Telephone Numbers (850) 373-4537, (850) 676-9409, (954) 872-0058, (352) 662-0550, and (904) 901-8916. This information is necessary to identify the defendant and substitute into this case the real name of the party in interest and effect service.

## II. BACKGROUND

Plaintiff filed a complaint against Benchmark Services, LLC and Doe Corporation for unwanted, prerecorded telephone calls she received from telephone numbers (850) 373-4537, (850) 676-9409, (954) 872-0058, (352) 662-0550, and (904) 901-8916. Plaintiff does not know the identity of Defendant Doe Corporation that used the telephone numbers to place the calls at issue on behalf of or at the direction of Benchmark Services, LLC. Plaintiff has independently been able to determine that the numbers relevant to this matter are or were owned by Telnyx, LLC. This company provides the telephone numbers to third party platforms to provide to their customers for use.

Plaintiff seeks leave of court to conduct limited discovery to identify the user/subscriber of these telephone numbers during the relevant time period. If this motion is granted, Plaintiff intends to issue one subpoena to Telnyx, LLC regarding the customer or subscriber information from October 1, 2023 to present associated with telephone numbers (850) 373-4537, (850) 676-9409, (954) 872-0058, (352) 662-0550, and (904) 901-8916. Plaintiff also seeks leave to issue additional subpoenas to customers of Telnyx, LLC, if discovery reveals their customers are third party platforms that would have information relating to the identity of the subscriber or user of the number during that relevant time period.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) requires a court order before a party may serve any discovery requests in advance of a Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239,241 (S.D.N.Y. 2012). Courts in this district have applied a "flexible standard of reasonableness and good cause" in determining whether to grant a party's expedited discovery request. *Digital Sin*, 279 F.R.D. at 241 (quoting *Ayyash v. Bank AlMadina*, 233 F.R.D. 325, 32627 (S.D.N.Y. 2005); *R.R. Donnelley & Sons Co. v. Marino*, 505 F. Supp. 3d 194, 209 (W.D.N.Y. 2020) (finding "[t]he majority of courts in the Second Circuit apply the more flexible 'good cause' standard when evaluating motions for expedited discovery"); *In re Keurig Green Mountain Single-serve Coffee Antitrust Litig.*, No. 14-CV-4242, 2014 WL 12959675, at *1 (S.D.N.Y. July 23, 2014) (noting "courts in this District have shifted away from the Notaro test and moved towards a more flexible 'good cause' or 'reasonableness' standard . . . [i]n recent years"). Under this standard, courts are required to examine a request for expedited discovery "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Ayyash*, 233 F.R.D. at 327. Once the court grants leave to conduct expedited discovery, "a party may then serve a subpoena requiring a non-party to disclose records or provide testimony." *See Strike 3 Holdings, LLC v. Doe*, 331 F.R.D. 14, 16 (E.D.N.Y. 2019) (quoting Fed. R. Civ. P. 45).

Courts have routinely granted motions for expedited discovery to allow grieved plaintiffs to identify Doe defendants. *See SingularDTV, GmbH v. Doe*, No. 1:21-CV-06000-VEC, 2021 WL 3668161, at *1 (S.D.N.Y. Aug. 16, 2021) (finding courts in this district routinely "have found good cause for expedited discovery to determine the identity of John Doe defendants where the plaintiff has stated a prima facie case and is unable to identify the defendants without

a court-ordered subpoena.") (quoting *adMarketplace, Inc. v. Tee Support, Inc.*, No. 13-Civ-5635 (LGS), 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013)); *Cengage Learning, Inc. v. Xuhong Wang*, No. 17 CIV. 4914 (JFK), 2017 WL 11570668, at *1 (S.D.N.Y. Sept. 14, 2017) (same); *Digital Sin*, 279 F.R.D. at 241-42 (finding that good cause existed for expedited discovery to ascertain the defendants' identities and issuing a protective order that would make the information obtained confidential). "In cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint--much less confer with the defendant--without obtaining identifying information from a third party, 'the only potential avenue for discovery is [a court order under] Rule 26(d)(1).'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (quotation omitted)).

## IV. DISCUSSION

Good cause is present here. First, the Complaint establishes a prima facia TCPA claim against Defendants. [*See* dkt. 1.] Next, there can be no "justice" in this matter if the Defendant that used telephone numbers (850) 373-4537, (850) 676-9409, (954) 872-0058, (352) 662-0550, and (904) 901-8916 is not identified. Plaintiff cannot confirm the identity of this particular Defendant at this time and cannot possibly make service without Defendant's identity. In addition, Plaintiff's proposed discovery is limited to issuing a subpoenas to third-party Telnyx, LLC, to identify the third-party platforms or customers to which they leased or sold the telephone numbers at issue, and the third-party platforms themselves for the identity of the subscriber.

There is little prejudice to Defendants by allowing this early discovery. It costs Defendants nothing, as it will be directed entirely to third parties, and Defendants have no legal interest in hiding their identity to avoid legal liability. Therefore, the need for this discovery

outweighs any prejudice to Defendant, and the interests of justice call for Plaintiff to be able to issue these subpoenas now.

## V. CONCLUSION

In light of the foregoing, Plaintiff respectfully requests that the Court allow Plaintiff to serve the aforementioned subpoenas to identify Doe Defendant. Should additional subpoenas be necessary beyond those identified herein, Plaintiff will file a renewed request.

Date: June 26, 2024

/s/ Javier Merino
Javier L. Merino (078112014)
Brian D. Flick (OH 0081605)*
DannLaw
1520 US Highway 130, Suite 101
North Brunswick, NJ 08902
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com

Max S. Morgan, Esquire*
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

*motion to appear pro hac vice forthcoming

*Counsel for Plaintiff and the proposed class and subclass*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing *Motion for Leave to Service Discovery* was filed utilizing the Court's Case Management/Electronic Case Files (CM/ECF) system on June 26, 2024 which will send notification of such filing to all counsel of record registered in the CM/ECF system. The undersigned hereby certifies that the foregoing pleading was also served upon the following parties via ordinary U.S. mail, postage prepaid and certified mail on June 26, 2024:

Benchmark Services LLC
c/o Robert Urena, Reg. Agent
22-60 98th Street
East Elmhurst, NY 11369

/s/ Javier Merino
Javier L. Merino (078112014)
DannLaw
*Co-counsel for Plaintiff and putative class and subclasses*